MORALES, PLAINTIFF AND APPELLANT, v. HEIRS OF CERAME,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action
of Filiation.

No. 2505.—Decided June 22, 1922.

NATURAL CHILD — ACKNOWLEDGMENT. — An action for acknowledgment brought
by a natural child is governed by the law in force at the time of the birth
of the child.

ID.—ID.—EVIDENCE.—Mere proof of paternity, even coupled with kind and af-
fectionate acts, presents, or admissions of paternity, will not suffice to give
a right of action for acknowledgment. The intention of the father to ac-
knowledge the child must appear and the proof of filiation must be clear
and convincing.

The facts are stated in the opinion.

Mr. L. Santiago Carmona for the appellant.

Mr. J. Martinez Dávila for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit by a natural child, his father being dead,
to compel recognition by the heirs or successors of said
father. It is conceded that the law to prevail must be the
one in existence at the time of the birth of the natural child
and as the latter was born on the 3rd of March, 1899, section
135 of the former Civil Code is controlling. It is as follows:

"Art. 135.—The father is obliged to acknowledge the natural
child in the following cases:

"1. When an indisputable paper written by him, expressly ac-
knowledging his paternity, is in existence.

"2. When the child is in uninterrupted enjoyment of the status
of a natural child of the defendant father, justified by direct acts of
the said father or of his family."

\*          \*          \*          \*          \*          \*          \*

The theory of the complainant in this case, as demon-
strated by the pleadings and the proof, was that recognition
could be compelled under said section, not by reason of acts
of the family, but solely on account of the direct acts of the
father. In this regard the jurisprudence of the Supreme
Court of Spain is that the mere proof of paternity, even

coupled with kindly or affectionate acts, presents or admissions of paternity, will not suffice to give a right of action. Likewise that the will or intention of the father must appear. Judgments of the Supreme Court of Spain of May 21, 1896; November 7, 1896; April 13, 1894. Likewise the decisions of that court and of this Supreme Court have required that the proof of filiation must be clear and convincing.

The principal proof in this case comes from the natural child himself. He testified as to affectionate acts, allowances and visits to the house where his mother and himself lived. The most significant act testified to was the alleged presentation of several hundred dollars by which his son, now a full grown man, was enabled to set himself up in business. Most of the other proof tended to establish sexual relations between the mother of complainant and his supposed father and also as to payment of an allowance. The court below gave no credence whatsoever to the testimony of this youth and he has not convinced us that the court was mistaken in the weighing of the proof. There was also a strong conflict as to the supposed acts of the father.

The whole proof, furthermore, assuming the truthfulness of complainant, does not point to the conclusion that the direct acts of the father were such as to give this child the possession of the status of a natural child. All the acts of the father, coupled with the alleged large present, if not entirely probable, are entirely consistent with the act of a man who wants to be kind to a child, either reputed to be his own or with whom he has repeatedly been in contact. They do not charge the said father with having actually conferred the child with the possession of the status of which the law speaks, and the said acts were not continuous.

Likewise the father is dead and has not been dead many years. The son had opportunities during the lifetime of his father to have brought this action. Courts will scan with care the evidence under such circumstances, when the person

who was mostly concerned can no longer be heard. It is somewhat different when the child is young at the time of the death of the father. Not only courts are scrupulous, but the Legislature has recognized the dangers in similar instances of this kind of testimony. Section 3 of the Act of 1904 provides, among other things, that "in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party."

Besides the general weighing of the evidence there were other errors alleged as to the pleadings and the admission of evidence. Some of the evidence admitted was palpably erroneous, namely, the hearsay evidence given by experts of the alleged insanity of the mother of complainant. However, the court based no conclusion thereon. The complainant was allowed to develop his whole case and he has failed to convince us, after having failed to convince the court below. The burden of proof was on him to show the continuous possession of the status of a natural child.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.